# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

**TYRELL WADDELL**, and
**KENDREALL FINKLEA**, individuals,

    Plaintiffs,

v.

**HW3 INVESTMENT GROUP, LLC**,
a Wisconsin limited liability company, and
**HOWARD WOLF**, an individual,

    Defendants.

_____/

Case No.:

## COMPLAINT

TYRELL WADDELL ("**Waddell**") and KENDREALL FINKLEA ("**Finklea**") [collectively, "**Plaintiffs**"] sue HW3 INVESTMENT GROUP, LLC ("**HW3**") and HOWARD WOLF ("**Wolf**") [collectively, "**Defendants**"] and allege:

### JURISDICTION AND VENUE

1. This is an action for violations of the Fair Labor Standards Act ("**FLSA**"), 29 U.S.C. § 201 *et seq*.

2. This Court has jurisdiction pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331(b).

3. This Court has original jurisdiction over these claims, as they arise under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331(b).

4.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this judicial district.

## PARTIES

5.      Waddell is an individual and is currently a resident of Escambia County, Alabama.

6.      Finklea is an individual and is currently a resident of Escambia County, Alabama.

7.      HW3 is a Wisconsin limited liability company conducting business in, among other places, Bay County, Florida.

8.      HW3's principal address is 301 W. Grand Avenue, #296, Chicago, Illinois 60654.

9.      Upon information and belief, Wolf is an individual and is a resident of Cook County, Illinois.

## GENERAL ALLEGATIONS

10.     At all times material hereto, Plaintiffs were "employees" of Defendants as defined by or within the meaning of the FLSA.

11.     At all times material hereto, HW3 was an "employer" within the meaning of the FLSA.

12. At all times material hereto, Wolf was an "employer" within the meaning of the FLSA.

13. At all times material hereto, Wolf worked as HW3's principal and oversaw and handled HW3's day-to-day operations.

14. Upon information and belief, at all times material to this action, Wolf was an individual who owned and/or operated HW3 and who exercised the authority to: (a) supervise and control employee work schedules, job duties, and/or conditions of employment; (b) control significant aspects of HW3's day-to-day operations, including compensation of employees; (c) maintain employment records; and/or (d) hire and/or terminate employees.

15. At all times material hereto, Wolf acted directly or indirectly in the interest of HW3 in relation to HW3's employees, including Plaintiffs.

16. At all times material hereto, Defendants were an enterprise engaged in commerce or in the production of goods for commerce as defined by or within the meaning of the FLSA.

17. HW3 is and, at all times material hereto, was a construction management, construction consulting, and claims management company providing labor, management and consulting services at and for various construction projects.

18. At all times material hereto, Defendants had two (2) or more employees regularly or recurrently handling, utilizing, or working on materials—such as tools, equipment, and construction materials—for Defendants' commercial purposes and such materials had previously traveled in interstate commerce.

19. At all times material hereto, Defendants had two (2) or more employees regularly or recurrently handling, selling, or otherwise working on goods, wares, or products that previously traveled through interstate commerce—such as construction materials—for Defendants' commercial purposes.

20. At all times material hereto, HW3's annual gross volume of sales or business was at least $500,000.00 per annum, or the prorated amount thereof during the statutory period for this action.

21. While employed by Defendants during the statutory period, Plaintiffs were not exempt from the requirements of the FLSA, including the requirement to pay overtime for all hours worked in excess of forty (40) within a workweek.

22. Waddell was an employee of Defendants from approximately February 2019 through September 2019.

23. Finklea was an employee of Defendants from approximately February 2019 through February 2020.

24. During Plaintiffs' respective employments with Defendants, Defendants provided services to the Panama Commons project in Panama City, Florida, and certain other projects at various locations. Defendants assigned Plaintiffs to work, and Plaintiffs did in fact work, primarily on the Panama Commons project in Panama City, Florida.

25. During Waddell's employment with Defendants, Defendants improperly classified Waddell as an independent contractor payable under a 1099 basis.

26. Upon information and belief, Defendants misclassified Waddell in an attempt to improperly avoid various employment-related costs such as payroll tax, workers' compensation insurance, re-employment tax, overtime pay, et cetera.

27. During Finklea's employment with Defendants, Defendants improperly classified Waddell as an independent contractor payable under a 1099 basis.

28. Upon information and belief, Defendants misclassified Finklea in an attempt to improperly avoid various employment-related costs such as payroll tax, workers' compensation insurance, re-employment tax, overtime pay, et cetera.

29. At all times during Plaintiffs' employment with Defendants, Plaintiffs worked as general laborers and were compensated on an hourly basis, rather than a salary basis.

30. During some or all of Waddell's employment with Defendants, Waddell's hourly rate of pay was $15.00.

31. During some or all of Finklea's employment with Defendants, Finklea's hourly rate of pay was $15.00.

32. During the statutory period, Defendants directed or permitted Plaintiffs to regularly work in excess of forty (40) hours within a workweek but failed to pay them at least the applicable overtime rate for all such overtime hours worked during the given workweeks.

33. During the statutory period, Defendants did not compensate Plaintiffs for all compensable time they worked for Defendants or include all such compensable time in Defendants' calculations of Plaintiffs' hours worked for overtime purposes.

34. Upon information and belief, Defendants have not maintained adequate and accurate records of all time worked by Plaintiffs as required by the FLSA.

35. By failing to accurately record all of the hours worked by Plaintiffs, Defendants have failed to make, keep, and preserve records with respect to their employee in a manner sufficient to determine such employee's wages, hours, and other conditions of employment, in violation of the FLSA.

36. Upon information and belief, prior to Plaintiffs filing this lawsuit, Defendants did not consult with an attorney or the Department of Labor to evaluate whether Defendants had properly classified Plaintiffs or whether Defendants' timekeeping for, and compensation of, Plaintiffs complied with the requirements of the FLSA.

37. Defendants' unlawful actions, as alleged herein, were willful. Defendants knew that such actions violated the FLSA or showed reckless disregard for the requirements of the FLSA and whether their actions violated the FLSA.

38. All conditions precedent to the filing and maintenance of the causes of action asserted herein have occurred, been waived, discharged or otherwise satisfied.

39. **Attorneys' Fees & Costs** – Plaintiffs have retained the undersigned law firm to represent them in this action and are obligated to pay their counsel the reasonable attorneys' fees and costs incurred in connection with this action.

## COUNT I - FLSA OVERTIME
**(Against All Defendants)**

40. This is an action against all Defendants for unpaid overtime under the FLSA.

41. Plaintiffs re-allege and incorporate into Count I the allegations set forth in Paragraphs 1 through 39 as if fully set forth herein.

42. During the statutory period, Defendants misclassified Plaintiffs as independent contractors, rather than employees.

43. Upon information and belief, Defendants misclassified Plaintiffs in an attempt to avoid the requirements of the FLSA, including the payment of overtime premiums.

44. During the statutory period, and while Plaintiffs were not exempt from the overtime requirements of the FLSA, Defendants directed or permitted Plaintiffs to work in excess of forty (40) hours within a workweek and were obligated to pay them the proper overtime premium for all such overtime hours worked.

45. During the statutory period, and while Plaintiffs were not exempt from the overtime requirements of the FLSA, Defendants failed to pay Plaintiffs the proper overtime premium due for all applicable overtime hours they worked.

46. Upon information and belief, Defendants have not maintained adequate and accurate records of Plaintiffs' time worked or compensation.

47. The practices described in Paragraphs 40 through 43 violated applicable provisions of the FLSA.

48. Defendants' unlawful conduct, as alleged and described above, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

49. When committing the unlawful conduct alleged and described herein, Defendants did not act in good faith nor have reasonable grounds for believing their actions or omissions were lawful under the FLSA.

50. As a direct and proximate result of the foregoing, Plaintiffs have suffered damages.

**WHEREFORE**, Plaintiffs pray this Court award the following relief:

   a. Judgment against Defendants for an amount equal to the amount of unpaid wages due to Plaintiffs, including unpaid overtime;

   b. Judgment against Defendants for liquidated damages in an amount equal to the unpaid wages due to Plaintiffs, including applicable overtime pay;

   c. To the extent liquidated damages are not awarded, an award of prejudgment interest;

   d. Declaratory judgment stating that the practices complained of herein are unlawful under the FLSA;

   e. All reasonable costs and attorneys' fees incurred pursuing relief for the claims asserted herein;

   f. Post-judgment interest; and

    g.    Any other relief the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiffs demand a jury trial on all matters so triable.

    Respectfully submitted,

*/s/ James M. Barlow Jr.*
James M. Barlow Jr., Esq.
Florida Bar No. 1019157
Gabriel Pinilla, Esq.
Florida Bar No. 0017898
**COTNEY CONSTRUCTION LAW, LLP**
3110 Cherry Palm Drive, Suite 290
Tampa, Florida 33619
Telephone: 813-579-3278
Fax: 813-902-7612
jbarlow@cotneycl.com
gpinilla@cotneycl.com
lcox@cotneycl.com
abukowski@cotneycl.com
*Attorneys for Plaintiffs*