UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

TYRELL WADDELL and
KENDREALL FINKLEA,

    Plaintiffs,

v.                                                                  Case No.  5:21-cv-55-AW/MJF

HW3 INVESTMENT GROUP, LLC, and
HOWARD WOLF,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the court on Plaintiffs' verified motion to determine amount of attorney's fees and costs. Doc. 61. Defendants filed a response. Doc. 63. The District Court referred this motion to the undersigned. Doc. 62. For the reasons set forth below, the undersigned respectfully recommends that Plaintiffs' motion be granted in part and denied in part.

### I. FACTUAL BACKGROUND

Plaintiffs Tyrell Waddell and Kendreall Finklea commenced this action against Defendants under the Fair Labor Standards Act ("FLSA") to recover overtime wages. Doc. 1. The parties settled the matter. Docs. 52, 53. Pursuant to the settlement agreement, Waddell received $18,400.00, which was only $957 less than the potential "maximum recovery." Doc. 61 at 12; Doc. 52 at 5. As for Finklea, he

received total compensation of $21,600. Doc. 61 at 12. Plaintiffs' counsel represents that this is "equal to or only slightly less than the estimated total recovery."[1] *Id.*; Doc. 52 at 5-6. Additionally, Plaintiffs' counsel received $10,000 in attorney's fees under the settlement agreement. Plaintiffs now seek an additional $91,187.00 in attorney's fees.[2] Doc. 61 at 8.

## II. Discussion

Under the "American Rule" parties "are ordinarily required to bear their own attorney's fees." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res.*, 532 U.S. 598, 602 (2001). That is, the "default assumption is that each party is responsible for its own legal fees, and thus fees ordinarily will not be awarded to the prevailing party without express statutory authority." *Johnson v. Florida*, 348 F.3d 1334, 1350 (11th Cir. 2003) (citing *Buckhannon Bd. & Care Home*, 532 U.S. at 602). Congress, however, may explicitly override this common-law rule. *Peer v. Liberty Life Assurance Co. of Bos.*, 992 F.3d 1258, 1262 (11th Cir. 2021). In FLSA actions, Congress has done so. *Dionne v. Floormasters Enter., Inc.*, 667 F.3d 1199, 1205 (11th Cir. 2012) ("Congress has provided that the court in an

---

[1] According to Plaintiffs, based on the total number of verifiable hours worked only, Finklea's "maximum recovery" would total $17,085.00. Doc. 61 at 12. Finklea worked 17 additional weeks, but the precise hours were not known. For these 17 additional weeks, the parties agreed to an additional award totaling $4,515.00.

[2] In total, Plaintiffs seek an award of $101,187.00.

FLSA action "shall, *in addition to any judgment awarded to the plaintiff or plaintiffs*, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.") (quoting 29 U.S.C. § 216(b)). Thus, for prevailing plaintiffs, an award of attorney's fees and costs is mandatory under the FLSA. *Id.*; *Laney v. BBB Logistics Inc.*, 844 F. App'x 203, 207 (11th Cir. 2021) (citing *Kreager v. Solomon & Flannagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985)).

A.  **Plaintiffs Are the "Prevailing Party" and Entitled to Litigation Costs**

As part of the settlement agreement—which was approved by the District Court—Defendants conceded that Plaintiffs were the prevailing parties. Doc. 61 ¶ 14; Docs. 52, 53. In response to Plaintiffs' motion, Defendants do not dispute that Plaintiffs are the prevailing party. Doc. 63. Defendants also do not dispute that Plaintiffs are entitled to an award of costs in the amount of $7,589.39. Doc. 61 ¶¶ 26-28; Doc. 63 ¶ 1.

Thus, the only issue before the court is Plaintiffs' request for attorney's fees of $91,187.00.

B.  **Plaintiffs' Request for Attorney's Fees**

To calculate reasonable attorney's fees, a court must multiply the number of hours reasonably expended on a case by a reasonable hourly rate. *P&K Rest. Enter., LLC v. Jackson*, 758 F. App'x 844, 850 (11th Cir. 2019); *Norman v. Hous. Auth. of*

*Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). In evaluating the reasonableness of the request for attorney's fees, courts may consider the following factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Maner v. Linkan LLC*, 602 F. App'x 489, 493 (11th Cir. 2015); *Brown v. Lawn Enf't Agency, Inc.*, 369 F. Supp. 3d 1224, 1226 (N.D. Fla. 2019) (citing *Bivins v. Wrap It Up, Inc.,* 548 F.3d 1348, 1350 n.2 (11th Cir. 2008)). The moving party bears the burden of documenting reasonable hours expended and stating reasonable hourly rates. *Conner v. BCC Fin. Mgmt. Servs., Inc.*, 597 F. Supp. 2d 1299, 1310 (S.D. Fla. 2008) (citing *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir.1999)).

After the court determines the lodestar amount, the court must evaluate the significance of the relief counsel obtained for a plaintiff. *Silva v. Miller*, 547 F. Supp. 2d 1299, 1305 (S.D. Fla. 2008) (citing *Norman*, 836 F.2d at 1302). Although the lodestar amount is "strongly presumed to represent an appropriate attorney's fee," the district court may adjust the award upward in exceptional circumstances or downward for an attorney's limited success in the litigation. *Johnston v. Borders*, 36 F.4th 1254, 1277 n.40 (11th Cir. 2022). Ultimately, the determination of a reasonable

fee pursuant to § 216(b) lies in the sound discretion of the district court. *Kreager*, 775 F.2d at 1543.

1.   ***Reasonable Hourly Rate***

A reasonable hourly rate is the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299 (citing *Blum v. Stenson*, 465 U.S. 886, 895-96 n.11 (1984)). The party seeking attorney's fees bears the burden of proving that the hourly rate requested is "in line with prevailing market rates." *Id.* The party may do so by adducing "direct evidence of charges by lawyers under similar circumstance or by opinion evidence." *Id.* Additionally, a court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Id.* at 1303. Under the Local Rules of the United States District Court for the Northern District of Florida, a party that objects to the "claimed hourly rate, . . . must set out the rate that the party asserts is reasonable." N.D. Fla. Loc. R. 54.1(F).

Here, Plaintiffs ask for the following hourly rates for each of the five attorneys that worked on the case:

| **Dates** | **Attorney** | **Hourly Rate** |
|---|---|---|
| 1/3/22-5/17/22 | Gabriel D. Pinilla | $395 |

| | | |
|---|---|---|
| 2/18/21-1/2/22 | | $365 |
| | | |
| 11/24/20-5/12/22 | Benjamin S. Briggs | $395 |
| 8/28/20-11/17/20 | | $355 |
| | | |
| 6/29/21-9/17/21 | Katherine Heffner | $300 |
| | | |
| 12/8/20-7/1/20 | James Barlow | $275 |
| 4/14/20-11/17/20 | | $250 |
| | | |
| 9/14/20-11/24/20 | Richard Anderson | $200 |

Doc. 61 at 7.

Plaintiffs provide the declaration of an attorney, Richard N. Asfar, to attest that the rates charged by Plaintiffs' attorneys are consistent with the prevailing market rates. Doc. 61-4. Specifically, Mr. Asfar explained:

- Mr. Pinilla has been a civil litigator for 17 years and is a partner at Adams and Reese. An attorney with similar experience and skills could charge up to $450 an hour.

- Mr. Briggs has been an employment law attorney for 10 years and is a partner at Adams and Reese. He was previously the chair of the employment law

> group at Cotney Attorneys & Consultants. An attorney with similar experience and skills could charge up to $400 an hour.
>
> - Ms. Heffner was an eight-year employment law attorney working as a senior associate at Cotney Attorneys & Consultants. An attorney with similar experience and skills could charge up to $350 an hour.
>
> - Mr. Barlow is a third-year associate attorney at Cotney Attorneys & Consultants. An attorney with similar experience and skills could charge up to $275 an hour.
>
> - Mr. Anderson is a second-year associate attorney. An attorney with similar experience and skills could charge up to $250 an hour.

*Id.* at 6-8 ¶ 16(c).

In their motion, Defendants did not contest these hourly rates or provide an expert witness to attest to the reasonableness of the hourly rates requested. Doc. 63. For that reason alone, the undersigned concludes that the rates set forth above are reasonable.

Mr. Asfar's declaration also indicates that the rates charged by Plaintiffs' attorneys are reasonable.

Finally, a survey of decisions issued by various federal courts indicates that the rates charged by Plaintiffs' attorneys are reasonable. *See, e.g.*, *Blais v. Williston Cross E., LLC*, 2020 WL 10728692, at *3, *5 (N.D. Fla. Aug. 13, 2020) (concluding

that $275 per hour charged by an associate attorney with 2.5 years of experience is reasonable); *Brown*, 369 F. Supp. 3d at 1227 & n.2 (concluding that $375 was a reasonable hourly fee and closer to midrange given the circumstances of the case); *Am. Civ. Liberties Union of Fla., Inc. v. Dixie Cnty. Fla.*, 2012 WL 384925, at *4 (N.D. Fla. Feb. 6, 2012) (finding—ten years ago—that hourly rates of $350 to $400 for experienced counsel were reasonable).

### 2.     *Hours Expended by Plaintiffs' Attorneys*

Attorneys "must exercise their own billing judgment to exclude any hours that are excessive, redundant, or otherwise unnecessary." *Galdames v. N & D Inv. Corp.*, 432 F. App'x 801, 806 (11th Cir. 2011). A court may reduce excessive, redundant, or otherwise unnecessary hours, or may engage in "an across-the-board cut," as long as the court adequately explains its reasons for doing so. *Id.*; *see also Bivins*, 548 F.3d at 1350 (noting that the district court "may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut"); *Barnes*, 168 F.3d at 428 ("If fee applicants do not exercise billing judgment, courts are obligated to do it for them, to cut the amount of hours for which payment is sought, pruning out those that are 'excessive, redundant, or otherwise unnecessary.'"). The party opposing fees also has obligations and to "carry out their duties in this area" their objections must "be specific and 'reasonably precise.'" *Barnes*, 168 F.3d at 428; *see* N.D. Fla. Loc. R. 54.1(F).

Here, Plaintiffs seek compensation for (1) 142.3 hours of legal work performed by Mr. Pinilla[3]; (2) 65.1 hours of legal work performed by Mr. Briggs; (3) 41.3 hours of legal work performed by Ms. Heffner; (4) 35.2 hours of legal work performed by Mr. Barlow; and (5) 1.6 hours of legal work performed by Mr. Anderson. Doc. 61 at 7. In total, they seek compensation for 285.5 hours of legal work performed by the attorneys.[4]

Defendants did not object to any specific hours expended by Plaintiffs' counsel. Nevertheless, the undersigned is required to scrutinize the hours claimed by Plaintiffs' counsel. *See Barnes*, 168 F.3d at 428 ("Courts are not authorized to be generous with the money of others, and it is as much the duty of the court to see excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded."). For the reasons set forth below, Plaintiffs' attorneys' hours for litigation should be reduced slightly.

### (a).   Insufficient Descriptions

Sixteen entries in Plaintiffs' billing records contain vague and insufficient descriptions of the services provided. The District Court cannot award attorney's fees in such instances:

---

[3] Plaintiffs' chart for attorney's fees contains arithmetical errors regarding the subtotal number of hours worked by Mr. Pinilla.

[4] Plaintiffs' chart for attorney's fees contains arithmetical errors regarding the total number of hours worked.

> [N]o award of attorney's fees will be made based in whole or part on time devoted to a case unless the attorney or other timekeeper made a contemporaneous, detailed record of the time to the nearest tenth hour. A detailed record must provide enough information to allow the Court to evaluate reasonableness; an entry like "research" or "conference" without a description of the subject will not do.

N.D. Fla. Loc. R. 54.1(C). These sixteen entries—totaling 3.3 hours of work—are described simply as "services" or "strategy conference." Doc. 61-2 at 40-41, 43, 60, 64, 65, 66, 76, 77, 80, 81, 89, 90, 91, 96. Therefore, the undersigned recommends reducing the number of hours worked by Mr. Briggs by 3.3 hours as these records lack sufficient information for the court to evaluate the reasonableness. *See Villano v. City of Boynton Beach*, 254 F.3d 1302 (11th Cir. 2001) (upholding the decision to reduce a fee award where the submissions were insufficiently detailed and/or redundant); *see also Trujillo v. Banco Central del Ecuador*, 229 F. Supp. 2d 1369 (S.D. Fla. 2002).

### (b). Inconsistent Records

At least one record contained a discrepancy regarding the number of hours expended. On February 21, 2022, Mr. Pinilla emailed co-counsel, Mr. Briggs, and staff regarding settlement procedures. In the description of task, it indicates that Mr. Pinilla worked a total of .3 hours. The billing statement reflects that it was billed at .4 hours. Doc. 61-2 at 1. The undersigned recommends reducing the amount of time spent on this task by .1 hour.

### (c). Clerical Work by Attorneys Is Not Compensable

"Work that is purely clerical in nature, such as contacting court reporters, and mailing, filing, and delivering documents is not compensable." *Montgomery v. Fla. First Fin. Grp., Inc.*, 2008 WL 3540374, at *13 (M.D. Fla. Aug. 12, 2008). Additionally, time spent reviewing invoices is non-legal work and, therefore, not compensable. *Oliva v. Infinite Energy, Inc.*, 2013 WL 6815989, at *9 (N.D. Fla. Dec. 24, 2013).

Here, there are several entries that use block billing that contain tasks that appear to be clerical in nature.[5] For example, on January 10, 2022, Plaintiffs' counsel emailed the court reporter "to determine the status of order." Doc. 61-2 at 15; *see id.* at 12, 13, 22, 30. Based on these entries, the undersigned recommends a reduction of .1 hours for Mr. Briggs. Doc. 61-2 at 13. Additionally, the undersigned recommends a reduction of .3 hours for Mr. Pinilla for similar entries.

### (d). The Undersigned's Chart of Reasonable Hours

Consistent with the discussion above, the reasonable number of hours expended are as reflected in the chart below:

| Dates | Attorney | Number of Hours |
|---|---|---|
| 1/3/22-5/17/22 | Gabriel D. Pinilla | 46.1 |

---

[5] "When attorneys include multiple tasks in a single time entry, courts cannot determine the amount of time spent on particular tasks." *Kearny v. Auto-Owners Ins. Co.*, 713 F. Supp. 2d 1369, 1377-78 (M.D. Fla. 2010).

| Dates | Attorney | Hours |
|---|---|---|
| 2/18/21-1/2/22 | | 95.8 |
| **Subtotal** | | **141.9** |
| | | |
| 11/24/20-5/12/22 | Benjamin S. Briggs | 60.1 |
| 8/28/20-11/17/20 | | 1.6 |
| **Subtotal** | | **61.7** |
| | | |
| 6/29/21-9/17/21 | Katherine Heffner | **41.3** |
| | | |
| 12/8/20-7/1/20 | James Barlow | 28.4 |
| 4/14/20-11/17/20 | | 6.8 |
| **Subtotal** | | **35.2** |
| | | |
| 9/14/20-11/24/20 | Richard Anderson | **1.6** |
| | | |
| **Grand total** | | **281.7** |

3.   *Lodestar Summary*

Based on the reasonable hourly rates and the number of hours expended, the lodestar amount is $99,707.00.

| **Dates** | **Attorney** | **Hourly Rate** | **Number of Hours** | **Amount of Fees** |
|---|---|---|---|---|
| 1/3/22-5/17/22 | Gabriel D. Pinilla | $395 | 46.1 | $18,209.5 |
| 2/18/21-1/2/22 | | $365 | 95.8 | $34,967 |

| | | | | |
|---|---|---|---|---|
| **Subtotal** | | | **141.9** | **$53,176.5** |
| | | | | |
| 11/24/20-5/12/22 | Benjamin S. Briggs | $395 | 60.1 | $23,739.5 |
| 8/28/20-11/17/20 | | $355 | 1.6 | $568 |
| **Subtotal** | | | **61.7** | **$24,307.5** |
| | | | | |
| 6/29/21-9/17/21 | Katherine Heffner | $300 | **41.3** | **$12,390.00** |
| | | | | |
| 12/8/20-7/1/20 | James Barlow | $275 | 28.4 | $7,810.00 |
| 4/14/20-11/17/20 | | $250 | 6.8 | $1,700 |
| **Subtotal** | | | **35.2** | **$9,510.00** |
| | | | | |
| 9/14/20-11/24/20 | Richard Anderson | $200 | **1.6** | **$320** |
| | | | | |
| **Grand total** | | | **281.7** | **$99,704** |

In reaching the conclusion that the number of hours requested—as reduced by the undersigned—and the hourly rate were reasonable, several *Johnson* factors are relevant.[6]

---

[6] "Although the [*Johnson*] balancing test has since been displaced by the lodestar formula, we have expressed our approval of district courts considering the *Johnson* factors in establishing a reasonable hourly rate." *Loranger v. Stierheim*, 10 F.3d 776, 781 n.6 (11th Cir. 1994) (citing *Norman*, 836 F.2d at 1299).

### (a). Time and Labor Invested

The undersigned considered the time and labor that Plaintiffs' counsel invested in this matter and how this case was litigated. Here, early in the life of the case Plaintiffs attempted to settle the matter several times, but Defendants repeatedly declined. This matter ultimately settled only two months before trial was set to begin.

Additionally, Plaintiffs contend—and Defendants do not dispute—that Defendants engaged in evasive tactics to avoid service. Similarly, Defendants do not dispute that their discovery tactics necessitated motion practice, additional depositions, and the expenditures of significant time to review discovery responses. "A defendant 'cannot litigate tenaciously and then be heard to complain about the time necessarily spent by the plaintiff in response.'" *Brown*, 369 F. Supp. 3d at 1229 (quoting *Copeland v. Marshall*, 641 F.2d 880, 904 (D.C. Cir. 1980) (en banc)). "Those who elect a militant defense in the face of a statute allowing attorney's fees if they are defeated must take into account the time and effort they exact from their opponents." *Id.* (quoting *Perkins v. New Orleans Athletic Club*, 429 F. Supp. 661, 667 (E.D. La. 1976)).

### (b). Preclusion of Other Employment and the Fee Is Contingent

The undersigned also considered that Plaintiffs' counsel accepted this case pursuant to a contingency-fee arrangement. Thus, there was a risk of non-payment involved in taking Plaintiffs' case. *Mcguire v. Intelident Sols., LLC*, 2020 WL

10506642, at *7 (M.D. Fla. Sept. 2, 2020) (noting that because counsel took plaintiff's case on contingency, counsel carried a risk of bearing the entire cost of the litigation through trial and appeal), *report and recommendation adopted*, 2020 WL 10506644 (M.D. Fla. Sept. 28, 2020). Additionally, because there is a finite amount of time that Plaintiffs' counsel could expend, by agreeing to work on this case, Plaintiffs' counsel could not work on other cases simultaneously. These factors weigh in favor of the reasonableness of the requests made. *See Brown*, 369 F. Supp. 3d at 1227 n.1.

### (c).   **Desirability of the Action**

Similarly, the undersigned considered whether such an action would be seen as desirable by the legal community. Defendants' actions during service and discovery, which prolonged the case, and the contingent nature of this case certainly impacted the desirability of this case. *Mcguire*, 2020 WL 10506642, at *7 (noting that because counsel took plaintiff's case on a contingency-fee basis and could have received no compensation, when they could have devoted their time to cases certain to generate income, the case was "undesirable"); *see Brown*, 369 F. Supp. 3d at 1228 (noting that an FLSA case with a contingency fee and that precluded other litigation was "relatively undesirable"). Thus, the "undesirability" factor also weighs in favor of the reasonableness of the requests made.

### (d). The Amount Involved and the Results Obtained

Finally, the undersigned considered that under the parties' settlement agreement, it is undisputed that Plaintiffs' recoveries were "equal to or slightly" less than the potential "maximum recovery." This also supports the reasonableness of the requested hours and rates.[7]

### 4. *Defendants Request a Reduction of the Lodestar Amount*

Defendants request that the District Court substantially reduce the lodestar amount because the amount requested by Plaintiffs—$101,187.00—is 2.5 times greater than "the overall damages sought" by Plaintiffs. Doc. 63 ¶ 3. Defendants assert that a "more reasonable and proportionate [award] would be an additional $20,000.00 in fees." *Id.* ¶ 4. Defendants, however, cite no authority for their position. Furthermore, as noted above, Defendants do not dispute the number of hours expended by Plaintiffs' counsel, do not challenge their hourly rates, and did not address the *Johnson* factors.

Congress has provided for the recovery of reasonable attorney's fees in FLSA cases to "encourages the filing of meritorious FLSA claims." *Silva*, 547 F. Supp. 2d at 1304. Congress designed the FLSA's attorney's fee provisions so that plaintiffs could recover reasonable attorney's fees despite the relatively small recovery that

---

[7] There were no extenuating time limitations. Counsel did not have any pre-existing relationship with Plaintiffs. At most, these factors are neutral.

would be expected in FLSA cases. *James v. Wash Depot Holdings, Inc.*, 489 F. Supp. 2d 1341, 1353 (S.D. Fla. 2007). Accordingly, in FLSA cases, "it is not uncommon that attorney's fee requests will exceed the amount of judgment." *James*, 489 F. Supp. 2d 1341.

Additionally, whatever "intuitive appeal" a proportionality argument may have "is undercut by *City of Riverside v. Rivera* . . . in which the Supreme Court rejected a proportionality argument for attorneys' fees." *P&K Rest. Enter., LLC*, 758 F. App'x at 851. In *City of Riverside v. Rivera*, 477 U.S. 561 (1986) the Supreme Court noted that the imposition of a proportionality requirement would conflict with Congress's intent to ensure that plaintiffs could obtain counsel to "enforce civil right laws when the amount of damages at stake would not otherwise make it feasible for them to do so." *Id.* at 578 (discussing attorney's fees awarded under 42 U.S.C. § 1988). The Court concluded that a proportionality requirement "would make it difficult, if not impossible, for individuals with meritorious civil rights claims but relatively small potential damages to obtain redress from the courts." *Id.*

According to the Eleventh Circuit, the Supreme Court's reasoning in *Rivera* is "even stronger in FLSA cases, where the FLSA's text renders attorneys' fees mandatory." *P&K Rest. Enter., LLC*, 758 F. App'x at 851; *accord Rembert v. A Plus Home Health Care Agency, LLC*, 986 F.3d 613, 617 (6th Cir. 2021); *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 603 (2d Cir. 2020).

As noted above, however, once a lodestar amount has been determined, district courts must examine the significance of the relief counsel obtained for a plaintiff. *Silva*, 547 F. Supp. 2d at 1305 (citing *Norman*, 836 F.2d at 1302); *see Combs v. City of Huntington*, 829 F.3d 388, 397 (5th Cir. 2016) (noting that the most crucial factor in determining reasonableness is the degree of success obtained). When counsel achieves an excellent result for their client, an attorney may be awarded the full lodestar amount. *Silva*, 547 F. Supp. 2d at 1305 (citing *Norman*, 836 F.2d at 1302). In contrast, when a plaintiff is only partially successful, the district court should reduce the amount of attorney's fees. *Johnston*, 36 F.4th at 1277; *Norman*, 836 F.2d at 1302; *Brown*, 369 F. Supp. 3d at 1228.

Here, Plaintiffs filed only one claim against Defendants seeking unpaid overtime wages. Doc. 1. Each Plaintiff prevailed on his respective claim. Docs. 52, 53. In fact, Defendants do not dispute that the amount Waddell recovered reflected a near "maximum recovery."[8] Defendants also do not dispute that Finklea received equal or close to the estimated total recovery. Thus, Plaintiffs largely were successful, and their recovery cannot be characterized as "substantially limited."

Because Plaintiffs obtained equal or close to the recovery they initially sought, the magnitude of their success is not a sufficient basis to reduce the lodestar amount

---

[8] According to Plaintiffs, Waddell received $18,400 in damages, which was $957 short of his potential "maximum recovery." Doc. 61 at 12.

by 70%, as Defendants request. *See Oliva*, 2013 WL 6815989, at *13 (an FLSA case noting that plaintiff's recovery of only 27% of the original demand did not justify a downward adjustment of attorney's fees); *see also Brown*, 369 F. Supp. 3d at 1228 (awarding $49,696.88 in attorney's fees when plaintiff was only partially successful on his FLSA claim and recovered only $81.14 in damages); *James*, 489 F. Supp. 2d at 1353-54 (awarding $114,021 in attorney's fees when plaintiff was only partially successful on his FLSA claim and recovered damages of only $3,493.62).

Therefore, considering the magnitude of Plaintiffs' success, and in light of controlling precedent that rejects a proportionality analysis, the undersigned recommends that the Plaintiffs recover the entirety of the lodestar fee. Because Plaintiffs already recovered $10,000 in attorney's fees under the settlement agreement, however, the undersigned recommends that Plaintiffs be awarded only an additional $89,704 in attorney's fees. Such an award would be consistent with that awarded by other courts in similar cases. *See P&K Rest. Enter., LLC*, 758 F. App'x at 851 (noting that district court did not abuse its discretion in granting full lodestar amount where (1) defendant failed to keep records in violation of the FLSA, which increased time spent investigating the necessary facts; (2) defendant engaged in litigation tactics that increased the time plaintiffs' attorneys had to spend on the case; and (3) defendant lodged no specific objections to either the rates or the hours expended).

### III. CONCLUSION

Because Plaintiffs were the "prevailing party" in this matter and are entitled to attorney's fees and costs, the undersigned respectfully recommends that the District Court:

1. **GRANT IN PART** and **DENY IN PART** Plaintiffs' motion for attorney's fees. Doc. 61.

2. **AWARD** Plaintiffs litigation costs in the amount **$7,589.39** and attorney's fees in the amount of **$89,704**, in addition to the $10,000 in attorney's fees that Defendants already paid to Plaintiffs.

**SO ORDERED** this 27th day of September, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**