IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**TYRELL WADDELL and
KENDREALL FINKLEA,**

    **Plaintiffs,**

v.                                                                      Case No. 5:21-cv-55-AW-MJF

**HW3 INVESTMENT GROUP, LLC, and
HOWARD WOLF,**

    **Defendants.**

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

This was an FLSA case, and the parties settled everything except the issue of fees. ECF No. 53. They agreed that Plaintiffs were entitled to fees, but they could not agree to the amount. As they tried to settle that issue, the court granted several extensions of Plaintiffs' deadline to move for fees. The parties never did agree, and Plaintiffs moved for approximately $90,000 in fees (beyond the $10,000 already paid) and approximately $7,500 in costs. ECF No. 61. I referred the fee motion to the magistrate judge to conduct proceedings and to prepare a report and recommendation regarding the appropriate amount of an award.

The magistrate judge issued a report and recommendation concluding that Plaintiffs should be awarded $7,589.39 in costs and $89,704 in fees (in addition to the $10,000 in fees already paid). ECF No. 65. Defendants filed a "Notice of Appeal" as to the magistrate judge's decision. ECF No. 66. Because the magistrate judge

1

issued a report and recommendation rather than an order, I will treat the "Notice of Appeal" as an objection to the report and recommendation. *See* Fed. R. Civ. P. 72(b)(2). Plaintiffs had an opportunity to respond to the objection, *see id.,* but they did not do so.

Having carefully considered the report and recommendation, and having considered de novo the issues raised in Defendants' objections, I now adopt the report and recommendation and incorporate it into this order.

Defendants' objections are all overruled. First Defendants say the amount is "unreasonable." But they do not take issue with the reasonableness of the hourly rate or the number of hours expended. In other words, they make no argument that the magistrate judge figured the lodestar incorrectly. That leaves them to argue that the fee should not be 2.5 times higher than the amount recovered. But fees exceeding recoveries are not terribly unusual, particularly in FLSA cases. And to the extent Defendants' argument is really that there was only a limited recovery, I reject it outright. Plaintiffs' settlement produced a substantial recovery of approximately $40,000.

Defendants' argument that awards like this "undercut[] any incentive for a Defendant to enter into settlement discussions with a plaintiff" is a policy argument not properly considered here. Congress has determined that prevailing FLSA plaintiffs are entitled to a reasonable fee, 21 U.S.C. § 216(b), and the court will not

reduce a fee based on any perceived shortcomings of that policy. Regardless, I do not see how fee awards would discourage settlements. If anything, the opposite would seem to be true. A defendant who loses after unnecessarily prolonging litigation will typically owe greater fees than one who settles quickly.

Finally, Defendants say Plaintiffs are not prevailing parties. They did not make this argument to the magistrate judge, instead saying only that the amount of fees sought were "unreasonable" and that $20,000 in additional fees would be "[a] more reasonable and proportionate amount." ECF No. 63 at 2. I need not consider a new argument not presented to the magistrate judge. At any rate, Defendants acknowledged in jointly moving for approval of the settlement that they were obligated to pay a reasonable fee. And Plaintiffs—having secured judicial approval of their settlement agreement and having obtained the ensuing judgment—are prevailing parties. *See Wolff v. Royal Am. Mgmt., Inc.*, 545 Fed. Appx. 791, 795 (11th Cir. 2013).

IT IS NOW ORDERED:

1. The report and recommendation (ECF No. 65) is adopted and incorporated into this order.

2. The motion for attorney's fees (ECF No. 61) is GRANTED to this extent: Plaintiffs shall recover $7,589.39 in costs and $89,704 in fees (in addition to the $10,000 in fees already paid).

3

3. The clerk will enter a judgment that says, "Pursuant to the parties' settlement and the court's subsequent order on fees, Plaintiff Tyrell Waddell shall recover from Defendants HW3 Investment Group, LLC, and Howard Wolf, damages in the amount of $18,400; Plaintiff Kendreall Finklea shall recover from Defendants HW3 Investment Group, LLC, and Howard Wolf, damages in the amount of $20,600; and Plaintiffs Tyrell Waddell and Kendreall Finklea shall together recover from Defendants HW3 Investment Group, LLC, and Howard Wolf $7,589.39 in costs and $99,704 in fees (inclusive of any amounts already paid)."

4. The clerk will then close the file.

SO ORDERED on November 17, 2022.

*s/ Allen Winsor*
United States District Judge